

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00562-CV

**IN THE INTEREST OF T.D.**, et al., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00167
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  December 4, 2013

AFFIRMED

Tynika W. appeals the trial court's order terminating her parental rights to her children, T.D. and R.B.  In one issue, she challenges the legal and factual sufficiency of the evidence to support the finding that termination was in the best interest of the children.  We affirm the trial court's order.

### BACKGROUND

T.D. and R.B. had been in temporary managing conservatorship of the Department of Family and Protective Services since July 26, 2010.  The Department first became involved when it received a referral alleging that adults were using and selling drugs in the house, and both children were seen outside unsupervised on a regular basis.  Tynika admitted to using marijuana

and abusing prescription medication. Efforts were made to reunify the family, and at one point the children were returned home to their mother.

The case had been pending for almost three years when it proceeded to a trial on the merits on June 21, 2013. The Department case worker, T.D.'s therapist, and the children's court advocate testified at the bench trial. The case worker testified that the Department had used all reasonable methods to try to reunify the family since it became involved in 2010. At one point, the children were even returned to the mother, and during that time Tynika was arrested for driving with a suspended driver's license; she was also driving without proof of insurance and without operating brake lights. Additionally, Tynika allowed the children to be with her boyfriend, R.B.'s father, despite the fact that the Department had ordered that the children have no contact with him. The boyfriend had an extensive criminal history and was arrested twice during the pendency of the case. T.D. reported being scared of her mother's boyfriend. T.D. also reported that her mother was selling prescription drugs. The case worker also stated that T.D. said that her mother had kicked her in the mouth while she was back home. T.D., who was twelve years old at the time of trial, expressed to the case worker that she wanted nothing more to do with her mother and that she was ready to move on with her life.

The case worker testified that Tynika was given a service plan and that, although she completed all the requirements except for therapy, she failed to meet the goals of the plan by not providing the children with the safety that they required. The case worker admitted that a small amount of marijuana and some prescription pills were found in the home of R.B.'s paternal grandmother, where R.B. was placed. The grandmother claimed she was unaware that the drugs were in her home and that they belonged to her son, R.B.'s father. The case worker opined that it was in the best interest of the children to terminate parental rights.

T.D.'s therapist testified that T.D. does not want to visit with or speak to her mother; she no longer wants to live with her mother and would like to be adopted outside of the family. T.D. is very happy in her foster home. T.D. did not like being around her mother's boyfriend. The therapist believed it was in the best interest of the children that the mother's parental rights be terminated because safety factors had not been alleviated. The court advocate testified that T.D. did not know anything about "being a child" when she was placed in the Department's care, but she is now blossoming and happy. R.B., who was four years old at the time of trial, was similarly doing well in her placement with her paternal grandmother, who is willing to adopt her.

At the conclusion of the bench trial, the trial court terminated Tynika's parental rights on three predicate statutory grounds. *See* TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (O) (West Supp. 2013). The trial court also found that termination of the parent-child relationship was in the best interest of the children. Tynika now appeals, challenging only the finding that termination of the parent-child relationship was in the best interest of the children.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *See id.* § 161.001(1), (2) (West Supp. 2013); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2008); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to

determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

## APPLICABLE LAW

Tynika does not challenge the sufficiency of the evidence to support the predicate findings, which included findings that she: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department for not less than nine months. *See* TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (O) (West Supp. 2013).

In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child;

- 4 -

(3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child held by the individuals seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence of only one factor may be sufficient for a factfinder to form a reasonable belief or conviction that termination is the child's best interest, especially if the evidence was undisputed that the parental relationship endangered the child's safety. *Id.* Further, a parent's future conduct may be measured by her past conduct to determine whether termination is in the child's best interest. *In re D.S.*, 333 S.W.3d 379, 384 (Tex. App.—Amarillo 2011, no pet.).

*Analysis*

Although Tynika claims the trial court ignored many of the *Holley* factors, the Department was not required to prove all nine factors. *See In re C.H.*, 89 S.W.3d at 27. No single *Holley* consideration is controlling, and the fact finder is not required to consider all of the factors. *See Holley*, 544 S.W.2d at 372; *In re A.B.*, 269 S.W.3d 120, 126 (Tex. App.—El Paso 2008, no pet.). Here, the trial court heard testimony that over the three-year period that the case had been pending, Tynika failed to provide a safe environment for her children. She used and sold drugs and frequently left the children unsupervised. She physically abused T.D. Further, she knowingly allowed the children to be around her boyfriend, who had an extensive criminal background, despite the Department's order that the children have no contact with him.

Additionally, the trial court heard testimony relating to the desires of the children and the stability of their proposed placements. Testimony was presented that T.D. does not want to visit with or live with her mother, and that she is happy in her current foster home, which plans to adopt her. R.B. was also thriving with her grandmother, who planned to adopt her as well.

Considering this evidence as applied to the various *Holley* factors, we conclude the trial court could have formed a firm belief or conviction that it was in the children's best interest that Tynika's parental rights be terminated. *See In re J.F.C.*, 96 S.W.3d at 266; *In re C.H.*, 89 S.W.3d at 25.

## CONCLUSION

We overrule Tynika's sole issue on appeal and affirm the order of the trial court.


Rebeca C. Martinez, Justice